IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEVEN RAY WILKERSON | * | |
| Plaintiff | * | |
| v | * | Civil Action No. JFM-16-250 |
| DR. KAHLID ELBEDAWI, DEBORAH RICHARDSON, BONITA COSGROVE, and THOMAS FITZGERALD | * * | |
| Defendants | | |

\*\*\*

## MEMORANDUM

The above-entitled civil rights complaint was filed on January 21, 2016, together with a motion to proceed in forma pauperis which shall be granted. For the reasons set forth below, the complaint must be dismissed.

Plaintiff Steven Ray Wilkerson, an inmate confined to the Baltimore County Detention Center ("BCDC"), alleges that he is not receiving appropriate pain medication for neck, back and knee pain. ECF 1 at p. 4. He asserts that he arrived at BCDC with written prescriptions for oxycodone (5-325 mg), oxycotin (60 mg), tramadol (50 mg), and oxycodone (10-325 mg) which were taken from when he was seen by "doctors and nurses" on October 8, 2015. *Id.* at pp. 3 – 4. On that date, plaintiff states he was admitted to the medical ward where he was placed on a "detox protocol" and he was given Tylenol. *Id.* at p. 4. Plaintiff disputes that he was actually placed on a detoxification protocol and claims that during his stay on the medical ward where he was placed for observation he was in constant pain. He asserts his pain level was at a level 10 on a scale of 10 and that this level was constant. *Id.*

On October 12, 2015, plaintiff asserts he was put into a handicapped accessible cell and

assigned to the bottom bunk to accommodate his condition of "a broken neck, back pain, and pain in [his] left knee due to prior surgery." *Id.* Four days later plaintiff was seen by a "mid-level practitioner" because his pain medication was not strong enough. *Id.* Plaintiff does not indicate what was prescribed for him as a result of this evaluation.

Plaintiff states he filed a "#118 form" on November 14, 2015, indicating that the pain medication was not working. *Id.* He was seen by Dr. Elbedawi three days later and provided with an increase to his pain medication and plaintiff states the medication is "still not working." *Id.* When plaintiff requested the pain medication he had been provided by outside practitioners whom he saw prior to his incarceration, he states the medical department refused to give it to him because it is narcotic pain medication. *Id.* at pp. 4 – 5. Plaintiff claims that the above-described course of treatment constitutes deliberate indifference to a serious medical need in violation of his Eighth Amendment rights. *Id.* at p. 5.

In response to his administrative complaint regarding his treatment, Bonita Cosgrove, the Medical Liaison, states that:

> Medical staff acted responsibly in detoxing Mr. Wilkerson from the addictive narcotic pain medications and prescribed [a] number of non-narcotic medications to manage the pain. In addition, they adjusted the medications based on [I]nmate Wilkerson's reports. Mr. Wilkerson's requested remedy is to receive the proper pain medication to stop his chronic pain. He is receiving proper medication to address his chronic pain even though it is not the narcotics he was using prior to incarceration.

ECF 1 at Ex. A. She further states in a memorandum dated November 24, 2015, that:

> You further indicate that you do not understand why you cannot receive narcotic medication. There are a number of medications that are against the policy of BCDC to be prescribed. Narcotic medication is one of those. A review of your health record indicates that you have been prescribed a number of non-narcotic medications for the purpose of pain management. It is the job of the medical staff to treat and manage the health issues of their patients here at BCDC. The medical record reflects that they have not denied treatment to you and have responded to your medical complaints in a timely manner.

*Id.* at Ex. B.

Plaintiff also attaches copies of his prescriptions for the narcotic medication at issue. One is from Berkeley Medical Center ER located in Martinsburg, West Virginia and dated September 13, 2015. ECF 1 at Ex. C. The other, from St. Joseph Medical Center in Towson, Maryland, is dated October 7, 2015. ECF 1 at Ex. D. Both medical records indicate the reason for plaintiff's hospital visit was chest pain. *Id.*

The constitutional protections afforded a pre-trial detainee as provided by the Fourteenth Amendment are co-extensive with those provided by the Eighth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 (1979). "Due process rights of a pretrial detainee are at least as great as the eighth amendment protections available to the convicted prisoner." *Hill v. Nicodemus*, 979 F.2d 987, 991 (4th Cir. 1992), citing *Martin v. Gentile*, 849 F. 2d 863, 870 (4th Cir. 1988). The Eighth Amendment prohibits "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. *Gregg v. Georgia*, 428 U.S. 153, 173 (1976). "Scrutiny under the Eighth Amendment is not limited to those punishments authorized by statute and imposed by a criminal judgment." *De'Lonta v. Angelone*, 330 F. 3d 630, 633 (4th Cir. 2003) citing *Wilson v. Seiter*, 501 U.S. 294, 297 (1991). In order to state an Eighth Amendment claim for denial of medical care, a plaintiff must demonstrate that the actions of the defendants or their failure to act amounted to deliberate indifference to a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Deliberate indifference to a serious medical need requires proof that, objectively, the prisoner plaintiff was suffering from a serious medical need and that, subjectively, the prison staff were aware of the need for medical attention but failed to either provide it or ensure the needed care was available. *See Farmer v. Brennan*, 511 U.S. 825, 837 (1994). Objectively, the

medical condition at issue must be serious. *See Hudson v. McMillian,* 503 U.S. 1, 9 (1992) (there is no expectation that prisoners will be provided with unqualified access to health care). Proof of an objectively serious medical condition, however, does not end the inquiry.

The subjective component requires "subjective recklessness" in the face of the serious medical condition. *See Farmer*, 511 U.S. at 839- 40. "True subjective recklessness requires knowledge both of the general risk, and also that the conduct is inappropriate in light of that risk." *Rich v. Bruce*, 129 F. 3d 336, 340 n. 2 (4th Cir. 1997). "Actual knowledge or awareness on the part of the alleged inflicter . . . becomes essential to proof of deliberate indifference 'because prison officials who lacked knowledge of a risk cannot be said to have inflicted punishment.'" *Brice v. Virginia Beach Correctional Center*, 58 F. 3d 101, 105 (4th Cir. 1995) quoting *Farmer* 511 U.S. at 844. If the requisite subjective knowledge is established, an official may avoid liability "if [he] responded reasonably to the risk, even if the harm was not ultimately averted. *See Farmer*, 511 U.S. at 844. Reasonableness of the actions taken must be judged in light of the risk the defendant actually knew at the time. *See Brown v. Harris*, 240 F. 3d 383, 390 (4th Cir. 2000); citing *Liebe v. Norton*, 157 F. 3d 574, 577 (8th Cir. 1998) (focus must be on precautions actually taken in light of suicide risk, not those that could have been taken).

This court is obliged by 28 U.S.C. §1915A to screen prisoner complaints and dismiss any complaint that is frivolous, malicious or fails to state a claim upon which relief may be granted. In deciding whether a complaint is frivolous "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F. 2d 721, 722-723 (4th Cir. 1989). Where a claim regarding medical care being provided to a prisoner is based on a plaintiff's disagreement with the medical care providers over

the proper medical care, a viable constitutional claim is not stated. Where the claim is "essentially a 'disagreement between an inmate and a physician over the inmate's proper medical care,' . . . we consistently have found such disagreements to fall short of showing deliberate indifference." *Jackson v. Lightsey*, 775 F.3d 170, 178-79 (4th Cir. 2014) quoting *Wright v. Collins,* 766 F.2d 841, 849 (4th Cir. 1985); *see also United States v. Clawson,* 650 F.3d 530, 538 (4th Cir. 2011) (difference of opinion regarding the adequate course of psychiatric treatment does not give rise to Eighth Amendment violation).

On the face of the instant complaint it is clear that plaintiff is receiving treatment for chronic pain and that his complaints concerning its efficacy have been addressed in a timely manner. The facts as asserted do not state a claim and the complaint must be dismissed without requiring a response from defendants.

A separate order follows.

___2/4/16___  
Date

J. Frederick Motz  
United States District Judge